FILED
SUPERIOR COURT
OF GUAM

2022 APR 26 PM 3: 58

CLERK OF COURT

BY:_____ 8m

## IN THE SUPERIOR COURT OF GUAM

RICHARD E. MOYLAN,

    Plaintiff/Counterclaim Defendants,
    vs.

AXE MURDERER TOURS, INC., ET AL.,

    Defendants/Counter-claimants.

---

AND RELATED COUNTERCLAIMS AND
THIRD-PARTY CLAIMS.

**Superior Court Case No. CV0760-16**

**SECOND DECISION AND ORDER RE MOTION TO DISMISS COUNTERCLAIMS & THIRD-PARTY CLAIMS**

The Court here considers unresolved aspects of the August 2, 2017 Motion to Dismiss Counterclaims and Third-Party Claims filed by Plaintiff/Counterclaim-Defendant Richard Moylan and Third-Party Defendant Douglas Moylan. The resolved aspects of that Motion are addressed in *Moylan v. Axe Murderer Tours Guam, Inc.*, 2021 Guam 25. There, the Guam Supreme Court affirmed this Court's reconsidered decision to deny the applicability of Guam's Citizen's Participation in Government Act of 1998 ("CPGA").

Back on remand, the Court now addresses the parts of the Motion that concern dismissal of counterclaims and third-party claims for trespass, harassment, and nuisance, pursuant to Guam Rule of Civil Procedure 12. Having reviewed the Motion and reheard arguments, the Court determines that Counterclaimants and Third-Party Claimants E.C. Development, LLP ("ECD"), Paseo View Properties, Inc. ("PVP"), and Axe Murderer Tours Guam/Beach House ("AMT") have adequately stated these counterclaims and third-party claims. Accordingly, the Court DENIES the Moylans' motion to dismiss.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Court incorporates its procedural discussion in its December 13, 2018 Decision and Order. Now that the CPGA issues have been resolved, this Order specifically addresses the counterclaims and third-party claims against the Moylans filed by ECD, PVP, and AMT dealing with trespass, harassment, and nuisance.

## II.    LAW AND DISCUSSION

### A. This Matter Will Not Be Converted into a Summary Judgment Motion.

The Moylans title their motion as one seeking dismissal; however, the text of the motion at times seeks summary judgment relief. Moreover, the Moylans submit affidavits and other extrinsic evidence supporting the motion. The Court then first tackles whether it will consider such material and convert the motion to dismiss to a motion for summary judgment.

When a movant introduces extrinsic material in support of a motion to dismiss under Rule 12(b)(6),[1] the Court has the discretion to exclude such material from its consideration. GRCP 12(b); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007) (recognizing a trial court's discretion to convert a dismissal motion). In exercising its discretion, the Court examines the nature of the arguments remaining in the motion now that the matter has moved past the CPGA phase.

Up until the present, the dominant issue of this litigation and this motion has been whether the CPGA barred certain counterclaims and third-party claims.[2] The CPGA directs that a motion concerning the applicability of the CPGA shall be treated as one for summary

---

[1] During the oral argument on February 15, 2022, the Court asked Attorney Moylan whether any of its arguments for dismissal fell under any authority other than Rule 12(b)(6). He committed that Rule 12(b)(6)'s standard of failure to state a claim for relief served as the only authority for dismissal.

[2] The Guam Supreme Court ultimately held that AMT pled a substantial basis for liability other than or in addition to petitioning activity done by the Moylans, and therefore the CPGA did not offer the Moylans protection. *Moylan*, 2021 Guam 25 ¶ 15.

judgment, with the Court to review pleadings and affidavits. 7 GCA § 17106(a), (d). In turn, the parties submitted extensive evidence relative to the CPGA issues.

Beyond the motion itself, the CPGA restricts other litigation activities pending a CPGA motion's outcome. For example, the CPGA directs that discovery be suspended. 7 GCA § 17106(b). Also, litigation of non-CPGA issues is halted. *Enriquez v. Smith*, 2012 Guam 15 ¶ 18 ("Only after the trial court determines the motion to dispose of any claims under the CPGA should it then proceed to determine any other motions to dispose of any other claims.").[3]

The statutorily-drive focus on CPGA issues impacts how the Court now approaches the remainder of the motion. Because of the suspension of discovery and non-CPGA issues, the non-movants suffered a disadvantage when responding to the present motion to dismiss. They could not engage in discovery,[4] and were primarily focused on the affidavits which pertained to CPGA issues. Also, the motion did not actively seek any conversion of the issues to be dismissed under Rule 12(b)(6) to adjudication under Rule 56. Based on these factors, the Court exercises its discretion and opts not to consider extrinsic material or convert the present motion to dismiss.

In addition, because the Court is not considering extrinsic evidence, the Moylans' September 5, 2017 Motion to Strike affidavits under Rule 56 is now MOOT.

## B. The standard for a motion to dismiss under Rule 12.

A claim may be dismissed for failure to state a claim upon which relief may be granted. GRCP 12(b)(6). Under Rule 12(b)(6), the facts in the complaint are construed in the light most favorable and all doubts are resolved in favor of the non-moving party. *Lujan v. J.L.H. Trust*,

---

[3] In turn, this Court consistently declined the parties' requests to consider non-CPGA arguments such as those now at issue. *See, e.g.,* Order Re Further Briefing (Oct. 16, 2019).

[4] All parties appear to agree that discovery--except perhaps for initial disclosures--has not and could not be exchanged.

2016 Guam 24 ¶ 10. A Rule 12(b)(6) motion tests only whether the claim has been adequately stated in the complaint, and the purpose of a 12(b)(6) motion is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities. Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). Thus, on a motion under Rule 12(b)(6), the court limits its inquiry to the content of the complaint and should not dismiss the complaint merely because of doubts the plaintiff will prevail in the action. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although the Court should not search for causes of action, if the complaint's factual allegations contain sufficient information to support a cause of action, the Court cannot dismiss the complaint. *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶¶ 11, 16.

### C. The Trespass counterclaims and third-party claims are adequately pled.

ECD and PVP allege that ECD is the owner of Lots 1041-1 NEW and 1058 NEW and that PVP is the rightful assignee of Lots 1052, 1055, 1056, and 1057. They claim that in 2015 and 2016, Douglas Moylan and Richard Moylan committed trespass by entering Lots 1041-1 NEW, 1058 NEW, 1052, 1055, 1056, and 1057 without permission of ECD or PVP. ECD Countercl. ¶¶ 20-21 (July 19, 2017); ECD Third-Party Compl. ("TPC") ¶¶ 22-25 (July 19, 2017); PVP Countercl. ¶¶ 22-25 (July 14, 2017); PVP TPC ¶¶ 22-25 (July 14, 2017). AMT claims to be a sublessee of PVP on Lots 1051, 1052, 1055, 1056, and 107. AMT Countercl. ¶ 24 (July 13, 2017); AMT TPC ¶ 9 (July 13, 2017).

Trespass occurs when a tortfeasor intentionally enters land in possession of another or causes a third person to enter. *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 16. Based on this definition, all three claimants have adequately stated trespass claims. ECD stated a trespass claim as the purported owner of Lots 1041-1 NEW and 1058 NEW alleging that Douglas entered

those lots on behalf of Richard. PVP has stated a trespass claim as the purported assignee of Lots 1052, 1055, 1056, and 1057, in alleging that Douglas, on behalf of Richard, entered those lots. Finally, as a sublessee of PVP, AMT has stated a trespass claim against Douglas and Richard. *See Veiseh v. Stapp*, 247 Cal. Rptr. 3d 858 (Ct. App. 2019) (lawful possessor of property gives right to sue for trespass); *Gaetan v. Weber*, 729 A.2d 895, 898 (D.C. 1999) (tenants have standing to sue third parties for damages arising from negligence, nuisance, and trespass).

The Moylans raise other arguments for the Court's consideration. Setting aside the Moylans' CPGA arguments in their motion, the Moylans focus on three issues: first, they believe that dismissal of the trespass claims is appropriate because one cannot trespass upon property open to the general public. Memo. Supporting Mot. Dismiss at 24 (Aug. 2, 2017). Second, the Moylans argue--without citing any authority--that one cannot claim trespass absent barriers to signs warning others to stay off property. Third, the Moylans claim that ECD, PVP, and AMT fail to establish any damage related to the purported trespass.

As to the first and second arguments, again, the Court focuses on the language of the claims. Nowhere in the counterclaims or third-party claims do any counterclaimants allege that the property was open to the general public or that barriers did not exist. If in fact the law supports that one cannot trespass upon property open to the public or that trespass cannot occur absent the existence of signs or barriers, the Moylans' arguments introduce a factual issue for the trier of fact or the Court on summary judgment. However, as currently pled, the counterclaims and third-party claims make no mention of the subject properties being open to the public or barriers. Since these are not essential elements of the claim, and ECD, PVP, and AMT have alleged the essential elements as just discussed, the Court finds that the claims are not subject to

dismissal under Rule 12(b)(6).

The Moylans' third argument introduces an element that is not required under Rule 8. Only if there are special damages must a pleading specifically explain such damages. GRCP 9(g). Otherwise, a pleading for trespass need not include any allegations regarding damages. Moreover, the case cited by the Moylans for the proposition that trespass cannot occur absent injury, *Tibert v. Slominski*, 692 N.W.2d 133 (N.D. 2005), reinforces that "actual harm is not one of the requisite elements to a claim for trespass." *Id.* at 137. Again, ECD, PVP, and AMT have all alleged entitlement to file a claim for trespass and that a trespass occurred. Damages are not required to be pled at the pleading stage, and the lack of damages allegations is not a basis for dismissal.

For these reasons, the motion to dismiss the trespass counterclaims and third- party claims is DENIED.

### D. AMT has standing to file the Harassment counterclaim and third-party claim.

The Moylans also move to dismiss AMT's harassment counterclaim and third-party claim due to lack of standing. AMT's harassment claim alleges that Douglas approached, photographed, and even struck an AMT employee, which caused employees and customers to fear for their safety.[5]

Both parties ask the Court to review a 114-year-old case from Minnesota as part of its analysis. *Hansen Mercantile Co. v. Wyman, Partridge & Co.*, 117 N.W. 926 (Minn. 1908), involved a claim of malicious attachment. The defendant moved to dismiss on the grounds that

---

[5] There is a second aspect of AMT's harassment claim: AMT infers that the Moylans reported AMT to GFD and GEPA as a form of harassment. Since the Moylans limit their attack of the harassment claim to whether AMT as a corporation has standing to bring such a claim, it appears that the Moylans do not attack AMT's standing to file a complaint with government agencies.

the plaintiff corporation could not suffer a personal injury.[6] The Supreme Court of Minnesota declared that corporations could recover when they suffer an injury to property. For corporations, property may include goodwill and credit. *Id.* at 927. Thus, injuries that destroy the business' credit, reputation, and standing, form not personal, but property, torts. *Id.*

Using this holding from *Hansen*, the Court finds that AMT has standing in asserting that the Moylans caused harm to its business by causing AMT's employees and customers to fear for their safety.[7] The Moylans' motion to dismiss and/or strike AMT's allegations supporting AMT's claim for harassment is therefore DENIED.

### E. The Nuisance counterclaim and third-party claim are adequately pled.

A nuisance is "Anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any river, bay, stream, canal, or basin, or any public park, square, street, or highway." 20 GCA § 10101.

AMT's nuisance claim asserts that Douglas placed a garbage bag containing an animal carcass along the property line separating the portion of Old De La Corte Street owned by Richard and that the bag emitted a pungent odor that entered onto Lots 1051 and 1058NEW. AMT Countercl. ¶¶ 29-30; AMT TPC ¶¶ 35-36. On its face, AMT's claims satisfy the definition of a nuisance because they indicate that Douglas took action detrimental to health and the senses by dropping a garbage bag of a dead animal on a street and near the property where AMT

---

[6] Notably, *Hansen* was not a harassment case.

[7] The Guam Supreme Court has not yet analyzed the tort of harassment (outside of a sexual harassment context), and it is unclear to this Court what the elements of this tort are. At least one other Guam Superior Court case has found that the civil tort of harassment was subject to dismissal as a tort not yet recognized in Guam. *See Busker Alley, Inc., et al. v. Kasperbauer*, CV1081-12 (Dec. and Order (Sept. 20, 2013)). This issue has not been briefed here, so the Court declines to address it sua sponte.

conducts business.

The Moylans attempt to argue that Douglas did not commit a nuisance because it was a jungle area, the bag was sealed, and the area is near a sewer treatment plant. The Moylans claim that the nuisance must be "substantial and unreasonable." The Court finds that these arguments cannot sustain a dismissal at this phase. All that AMT must do is to make a short and plain statement upon which relief may be granted. GRCP 8(a). AMT has done so by stating that Douglas caused a nuisance offensive to the senses. The Moylans' arguments discuss issues of fact that attack the merits of the claim and must be reviewed by a trier of fact.

The Court therefore DENIES the motion to dismiss AMT's nuisance claims.

## III.    CONCLUSION AND ORDER

The Court DENIES the Moylans' motion to dismiss the trespass claims brought by ECD, PVP, and AMT and the nuisance and harassment claims filed by AMT.

SO ORDERED this 26th day of April 2022.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
Moylan, Gumataotao, Vandeveld, Cunliffe+Cook, Thompson
Date: 4/26 Time: 4:14
J. Mona
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Douglas B. Moylan, Esq., Law Offices of Douglas B. Moylan, for Plaintiff/Counter-Defendant
       Richard E. Moylan
Gary W.F. Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for
       Plaintiff/Counter-Defendant Richard E. Moylan and Third-Party Defendant Douglas B.
       Moylan
Curtis C. Van de Veld, Esq., The Vandeveld Law Offices, P.C., for Plaintiff/Counter-Defendant
       Richard E. Moylan and Third-Party Defendant Douglas B. Moylan.
Jeffrey Cook, Esq., Law Offices of Cunliffe & Cook, for Defendant Axe Murderer Tours
       Guam/Beach House
Mitchell Thompson, Esq., Thompson Thompson & Alcantara, P.C., for
       Defendant/Counterclaimant/Third-Party Plaintiff E.C. Development, LLP, and Defendant
       Paseo View Properties, Inc.